

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kevin Goodman<br>1126 Glenview Street<br>Philadelphia, PA 19111<br>  Plaintiff<br><br>vs.<br><br>hhgregg, Inc. a/k/a<br>Gregg Appliances, Inc. t/a h.h.gregg<br>a/k/a hhgregg<br>4151 East 96th Street<br>Indianapolis, IN 46240<br>  Defendant | NO.<br><br>14  3670<br><br>COMPLAINT |

Plaintiff alleges:

### PARTIES

1.  Plaintiff Kevin Goodman is a legal resident of 1126 Glenview Street, Philadelphia, PA 19111.

2.  At all times mentioned herein, defendant hhgregg, Inc. a/k/a Gregg Appliances, Inc. t/a h.h.gregg a/k/a hhgregg was a corporation organized under the laws of the State of Delaware with its principal place of business located at 4151 East 96th Street, Indianapolis, IN 46240 and is engaged in the retail distribution of electronic appliances to the general public as ultimate consumers throughout the separate states inclusive of the State of Pennsylvania.

## JURISDICTION

3. This court has subject matter jurisdiction over all of the claims raised in this complaint under 28 U.S.C. § 1332(a) because:

    (i) There is complete diversity of citizenship between the plaintiff and the defendant; and

    (ii) The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This court has personal jurisdiction over hhgregg, Inc. a/k/a Gregg Appliances, Inc. t/a h.h.gregg a/k/a hhgregg because it is present in, and regularly conducts business at, 9733 Roosevelt Boulevard, Philadelphia, Pennsylvania 19114 and is subject to service of process in this state under Fed. R.Civ. P.4.

5. Venue is proper in this court under 28 U.S.C. §1391(b)(1) because the defendant is subject to this court's personal jurisdiction with respect to the civil action in question.

## CLAIM FOR RELIEF

6. On 7/13/13, the date on which plaintiff's instant claim arose, defendant, among its business enterprises, operated a retail store offering various types and brands of electronic appliances to the general public for sale at 3040 Brandywine Parkway, Wilmington, DE 19803.

7. On 7/13/13 at approximately 12:00 p.m., plaintiff Kevin Goodman entered the h.h.gregg store at 3040 Brandywine Parkway, Wilmington, DE.

8. On that date and time, plaintiff Kevin Goodman went to retrieve an LG refrigerator which he planned to take with him from the store using his own mode of transportation.

9. Plaintiff had planned to take possession of the refrigerator on 7/13/13 after having purchased the electronic appliance on 7/6/13. The refrigerator was to be loaded into plaintiff's

vehicle, which, at that time, was a Dodge Ram 2500 truck with an open rear flatbed. The rear flatbed offered sufficient size for the LG refrigerator to be loaded and transported in its original box/carton.

10. Plaintiff positioned his vehicle in the front of the defendant's store within a designated loading area in order to receive the refrigerator in its original carton.

11. At, or about, the same time, an employee of the store brought, on a hand truck, the LG refrigerator to the area where the plaintiff's truck was then parked or positioned.

12. The employee then positioned the refrigerator for loading onto the plaintiff's truck. The employee positioned himself on one side of the refrigerator and the plaintiff on another.

13. While attempting to load the subject refrigerator onto the plaintiff's vehicle, the defendant's employee was unable to exercise proper control over the refrigerator causing it to fall onto the right leg of the plaintiff.

14. As a result of the employee being unable to exercise proper physical control over the appliance, the full weight of the cartoned refrigerator came down upon the body of the plaintiff, more specifically his right leg.

15. Plaintiff was caused to sustain serious injuries to his right leg, as a result of the appliance falling on him, specifically the right knee area, wherein Plaintiff sustained a ruptured quadriceps tendon.

16. The accident which gave rise to plaintiff's injuries was caused by the negligence and carelessness of the defendant's employee who at all times pertinent to this action was acting in the scope of his employment, under defendant's control, and in furtherance of the defendant's interests.

17. Alternatively, the accident in question was caused by the negligence and carelessness exercised by the defendant corporation *directly* as will be detailed herein.

18. Plaintiff was at all times a business invitee at the time of the accident giving rise to this suit.

19. Being a business invitee at the time of this accident, defendant directly, or through its employee, owed a duty of reasonable care to protect the plaintiff from harm.

20. Defendant, either directly, or through the actions or non-actions of its employee, breached its duty of care owing to the plaintiff in one or more of the following ways:

   (i) by its employee failing to adhere to proper safety precautions in the exercise of loading the appliance onto the plaintiff's vehicle;

   (ii) by its employee electing to assist the plaintiff with the loading of the subject item despite the employee failing to possess the skills, strength or techniques necessary to do same;

   (iii) by the defendant employer in failing to properly train its employees to safely assist consumers, such as the plaintiff, in the pick-up or retrieval of electronic appliances of substantial or similar weight and/or size; and

   (iv) by the defendant employer in failing to adopt and/or implement an appropriate store policy to assist with the retrieval and pick-up of electronic appliances by consumers or business invitees, such as the plaintiff, while safeguarding such consumers or invitees from physical injury or harm.

21. As a direct and proximate result of defendant's breach or breaches of the duty of care owed to Kevin Goodman, the plaintiff sustained serious physical injuries and permanent

disabilities from the incident, including, but not limited to, a ruptured quadriceps tendon and continuing residual symptoms therefrom.

22. As a direct and proximate result of defendant's breach of duty and/or breaches of duty owed to plaintiff, Kevin Goodman incurred expenses for medical and other care, and he anticipates continuing expenses for care in the future.

23. As a direct and proximate result of defendant's breach of duty and/or breaches of duty of care owed to the plaintiff, Kevin Goodman was unable to continue his regular employment resulting in a substantial loss of income in addition to the loss of his work status.

24. As a direct and proximate result of defendant's breach of duty or breaches of duty of care owed to the plaintiff, Kevin Goodman has suffered physical pain and mental and emotional anguish and expects to suffer similar pain and anguish in the future.

25. Plaintiff makes demand for trial by jury.

## PRAYER

Plaintiff prays:

1. For judgment against the defendant in an amount in excess of $500,000.00 together with interest and costs.

2. For all further relief that is just and equitable under the circumstances.

Dated: 6/13/2014

JAMES N. GROSS, ESQUIRE
ATTORNEY FOR PLAINTIFF
IDENTIFICATION NO.: 40715
215 SOUTH BROAD STREET, SUITE 702
PHILADELPHIA, PA 19107
TELEPHONE NO.: 215-670-9926
FACSIMILE NO.: 215-569-3723

# JS 44 CIVIL COVER SHEET

JS 44 (Rev. 12/12)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

14  3670

## I. (a) PLAINTIFFS
Kevin Goodman

**DEFENDANTS**
hhgregg, Inc. a/k/a Gregg Appliances, Inc. t/a h.h.gregg a/k/a hhgregg

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Marion
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
James N. Gross, Esquire    (215) 670-9926
215 South Broad Street, Suite 702
Philadelphia, PA 19107

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a)
Brief description of cause:
Personal Injury based on negligence (non-motor vehicle)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/13/2014
SIGNATURE OF ATTORNEY OF RECORD: *James N. Gross*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1126 Glenview Street, Philadelphia, PA 19111

Address of Defendant: 4151 East 96th Street, Indianapolis, IN 46240

Place of Accident, Incident or Transaction: Wilmington, Delaware
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Negligence to Consumer/Business Invitee
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, James N. Gross, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/13/2014   _____[signature]_____   40715(Pa.)
                   Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/13/2014   _____[signature]_____   40715(Pa.)
                   Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)

JUN 1 6 2014

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Kevin Goodman : CIVIL ACTION
:
v. : **14   3670**
hhgregg, Inc. a/k/a Gregg Appliances, :
Inc. t/a h.h.gregg a/k/a hhgregg : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

6/13/2014        James N. Gross, Esq.        James N. Gross
**Date**         **Attorney-at-law**         **Attorney for** Plaintiff

215-670-9926     215-569-3723               jimgross1616@verizon.net

**Telephone**    **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

JUN 1 6 2014